**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.

PAUL MACOMBER, JR., an individual, and JENNIFER MACOMBER, an individual

    Plaintiffs,

        v.

AMERICAN FAMILY MUTUAL INSURANCE GROUP a/k/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation

    Defendant

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant American Family Mutual Insurance Company, a Wisconsin corporation, by and through its attorneys, Campbell, Latiolais & Averbach, LLC, hereby files its Notice of Removal of the above-captioned action to this Court, and states as follows:

    1.    Defendant American Family Mutual Insurance Company ("American Family") is named as the defendant in Civil Action No. 2014CV030802 in El Paso District Court (the "State Court Action").

    2.    The Complaint in the State Court Action was filed with the Clerk of the District Court of El Paso, in Colorado Springs, Colorado on March 12, 2014 and service was perfected on March 16, 2014. Before Defendant answered, Plaintiffs filed an Amended Complaint in the same clerk on March 17, 2014 with service perfected on March 27, 2014. Defendant filed its Answer to the Amended Complaint on April 25, 2014.

3. This Notice is being filed with this Court within thirty (30) days after Defendant has become aware of the amount Plaintiffs claim in damages, which is above the $75,000 amount of controversy diversity jurisdiction benchmark.

4. To the best of Defendant's knowledge, all pleadings that have been filed or served in the State Court Action are attached hereto as <u>Exhibit A</u> pursuant to D.C.COLO.LCivR 81.1.  To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

5. Defendant avers that this Court has diversity jurisdiction over Plaintiffs' claims because this is a civil action between parties of diverse citizenship and the amount in controversy exceeds $75,000 and thus this Court has original jurisdiction under 28 U.S.C.A. § 1332.

6. Plaintiffs Paul Macomber, Jr. and Jennifer Macomber are individuals who are residents of El Paso County, Colorado. <u>See</u> <u>Ex. A</u>, Am. Compl., ¶1.  Defendant American Family is a Wisconsin corporation, with its corporate headquarters in Madison, Wisconsin. <u>Id</u>. ¶ 2.

7. Neither the Complaint nor the Amended Complaint sets out the amount of controversy nor indicates the amount Plaintiffs are seeking in this litigation (<u>See</u> <u>Ex. A</u>, Compl. and Am. Compl., <u>in passim.</u>).  If based on the initial pleading the case is not removable then it may be removed after receipt of any "other paper from which it may first be ascertained that the case is one which is ... removable." 28 U.S.C. § 1446(b)(3).

8. Looking at "other paper," Plaintiffs initial disclosures does not set forth the amount Plaintiffs are seeking in this litigation.  For damages in their initial disclosure certificate, Plaintiffs states as follows: "[t]he Plaintiffs seek economic damages for payment of needed replacements and repairs as a result of damages suffered during the Waldo Canyon wildfire at or around June 6, 2012. Additionally, the Plaintiffs seek non-economic damages and all damages recoverable by law." (<u>Exhibit B</u>, Plt's Initial

26(a)(1) Disclosure Cert., pg. 5).  Plaintiffs' first, second and third supplemental disclosure certificates does not address the amount of damages. (Ex. B, Plt.'s 1st Supp. Disclosure Cert.; Plt's. 2nd Supp. Disclosure Cert.; and Plt.'s 3rd Supp. Disclosure Cert., in passim.)

9. Multiple times, undersigned counsel requested that Plaintiffs amend their disclosure certificate to conform with the rules and include the amount of damages being sought in the litigation. However, Plaintiffs failed to do so.

10. Nevertheless, on February 11, 2015, in Plaintiffs' third supplemental disclosures, they produced an expert report from their damages expert, Ken Murphy. In such report, Plaintiffs' expert opines that the cost to repair the alleged damages would cost $149,656.00.

11. As outlined in Plaintiffs' damages expert report, the amount in controversy exceeds the statutory benchmark, and thus this civil action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1446(c) because this Court has diversity jurisdiction.

12. Promptly after the filing of this Notice of Removal, Defendant shall provide notice of the removal to Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above-described action now pending in El Paso District Court, be removed therefrom to this Court.

Dated:  March 6, 2015.

                                  Respectfully Submitted,

                        By: *s/ Colin C. Campbell*
                            Colin C. Campbell
                            Christian S. Monson
                            CAMPBELL, LATIOLAIS & AVERBACH, LLC
                            825 Logan Street
                            Denver, Colorado 80203
                            303.831.5990
                            Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of March, 2015, I presented the foregoing DEFENDANT'S NOTICE OF REMOVAL OF ACTION to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Gregory A. Maceu
Mark Anthony Barrionuevo
Thomas E. Stone
Maceau Law
3225 Templeton Gap Rd., Ste. 205
Colorado Springs, CO 80907

                                  *s/ Mary Davis*
                                  A duly signed original is on file at the Law Offices of CAMPBELL, LATIOLAIS & AVERBACH, LLC