| | |
|---|---|
| EL PASO COUNTY DISTRICT COURT, COLORADO<br>Address of Court: 270 S. Tejon St.<br>P.O. Box 2980<br>Colorado Springs, CO  80901<br>Phone: 719-448-7700 | DATE FILED: March 12, 2014 3:24 PM<br>FILING ID: 4BCC58FD410EF<br>CASE NUMBER: 2014CV30802 |
| **Plaintiffs:**   PAUL MACOMBER, JR. and JENNIFER MACOMBER<br><br><br>**Defendant:**<br><br>**AMERICAN FAMILY MUTUAL INSURANCE Co., a foreign corporation** | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiff:**<br><br>Richard M. Kaudy, #12345<br>The Kaudy Law Firm LLC<br>333 W. Hampden Avenue, Suite 850<br>Englewood, CO  80110<br>Phone (303) 623-1885<br>Fax: (303) 623-1825<br>Email: rkaudy@kaudylaw.com<br><br>Cajardo Lindsey, #33672<br>Of counsel, The Kaudy Law Firm LLC<br>333 W. Hampden Avenue, Suite 850<br>Englewood, CO  80110<br>Phone (303) 623-1885<br>Fax: (303) 623-1825<br>Email: clindsey@kaudylaw.com | Case No.:<br><br>Ctrm/Div: |
| **COMPLAINT AND JURY DEMAND AGAINST AMERICAN FAMILY MUTUAL INSURANCE COMPANY** | |

The Plaintiffs, Paul Macomber, Jr. and Jennifer Macomber for their Complaint and Jury Demand against the Defendant, American Family Mutual Insurance Company state and allege as follows:

**COMPLAINT AGAINST COUNTRY MUTUAL INSURANCE COMPANY**

### I.     PARTIES

1.     Plaintiffs Paul Macomber and Jennifer Macomber are husband and wife who reside at 6150 Wilson Road, Colorado Springs, CO, 80919.

2.     Defendant, American Family Mutual Insurance ("American Family"), is a Wisconsin corporation, licensed and authorized to transact business within the State of Colorado. American Family conducts substantial business in Colorado, including El Paso County.

### II.     JURISDICTION AND VENUE

3.     Venue is proper in El Paso County, Colorado because the parties' contract for American Family's insurance was executed there and the property which suffered smoke and heat damage is located in El Paso County. Both parties either live or conduct business in El Paso County. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

4.     This Court has jurisdiction pursuant to the Colorado Constitution, Art. VI, § 9.

### III.     FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

5.     This is an action for damages for breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from American Family's failure to properly investigate Plaintiffs' claim, and American Family's unreasonable delay and denial of a timely and proper claim for coverage benefits by Plaintiffs.

6.     The Defendant is a for-profit corporation.

7.     The Defendant through sales agents sells insurance policies, products and services in El Paso County, Colorado.

8.     For more than 25 years, the Defendant has sold insurance policies, products and services in El Paso County, Colorado.

9.     American Family sold insurance protection to the Plaintiffs through a personal contract characterized as Homeowners Insurance Policy, Policy No. 05D0-9680-01 (the "Policy") in full force and effect on or about June 26, 2012, for a home situated within El Paso County, Colorado.

10.     The American Family policy the Defendant sold to the Plaintiffs is characterized as a "replacement cost value" policy. This policy promised to indemnify the insureds for covered losses for $546,400.00 for dwelling and $437,200 for personal property and up to a limit not to exceed 5% of the limit that applies to dwelling for trees, plants, shrubs and lawns for losses occurring from wildfire during the policy period.

11. On or about June 26, 2012, the Waldo Canyon wildfire ignited. The wildfire prompted the evacuation of the Macombers from their insured residence at 6150 Wilson Road, Colorado Springs, CO, 80919. The fire inflicted damage to the roof, exterior and interior walls, ceilings, floors, windows and general living area of the residence as well as to landscape.

12. In accordance with the Policy procedures, Plaintiffs submitted a claim to American Family for damage to property and contents asking for policy benefits for structural, contents and landscape losses.

13. The Plaintiffs reasonably relied on the Defendant to conduct a reasonable investigation and evaluation of the covered losses.

14. The Defendant neglected to perform a reasonable investigation and evaluation of the Macomber losses and denied certain elements of their claims.

15. On or about July 16, 2012 American Family represented that it had completed its investigation of Plaintiffs' claims and evaluated the loss with a total replacement cost value of $33,028.79.

16. On or about October 15, 2012, and four additional estimates later, American Family evaluated the claim as having a replacement cost value of $76,570.51, essentially covering the costs of cleaning and deodorizing the residence.

17. Despite American Family taking pictures on July 5, 2012 of the damaged landscape and a heat-destroyed trampoline that was located on that damaged landscape, American Family never included repair/replacement of the landscape within any of its estimates.

18. On or about February 18, 2013, Plaintiffs submitted its estimate of dwelling and contents damages to American Family in the amount of $324,264.99 which was comprised of, among other things, replacing the roof, windows, siding, mechanical and electrical items.

19. It is unknown if the amount in controversy exceeds $75,000 exclusive of interest and costs.

20. The Plaintiffs have no present information or belief whether the amount in controversy exceeds $75,000 exclusive of interest and costs.

21. The Defendant denied the Macomber claim by, among other things, disregarding heat as the reason for the window damage, by failing to investigate when the wooden windows were actually installed and without doing any form of scientific testing to substantiate their conclusions.

22. American Family decided that wildfire-generated heat was not the reason for the damage to the roof, siding, gutter/downspout and attic so denied the Plaintiffs' claim.

23. The Plaintiffs then requested appraisal to determine the amount of covered losses caused by the Waldo Canyon fire pursuant to policy terms and conditions.

24. The Policy between American Family and Mr. and Mrs. Macomber provides for appraisal if there is a disagreement concerning the amount of loss due to fire damage.

25. The Defendant refuses to honor its contractual promise by refusing to participate in the appraisal process.

26. The refusal by American Family to honor terms and conditions it placed in its contract is unreasonable, constitutes a breach of the insurance contract, constitutes a violation of insurance industry standards and practices, constitutes a violation of Colorado law, C.R.S. §§10-3-1115 and 10-3-1116, violated the implied covenant of good faith and fair dealing, and has caused the Macombers additional emotional distress as well as economic losses in amounts to be determined at trial

27. The behavior of American Family's conduct described above was intentional, willful, wanton and done heedlessly and recklessly without regard to the consequences to its insureds.

28. American Family knew or should have known that its actions described above were unreasonable. American Family acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages which resulted from its bad faith.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

29. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

30. As set forth above, Plaintiffs and American Family entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein.

31. Plaintiffs fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

32. American Family's denial of Plaintiffs' claim constitutes a breach of the insurance contract and is a breach of Plaintiffs' reasonable expectations concerning the coverage it would receive under the Policy.

33. American Family's refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiffs' reasonable expectations concerning the coverage it would receive under the Policy.

34. American Family was obligated to go to appraisal.

35. As a result of American Family's breaches, Plaintiffs have suffered and continue to suffer damages, including the amount of claims owed, together with pre-judgment interest at the highest rate allowed by law, and their reasonable attorney's fees as allowed by law.

## SECOND CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S §§ 10-3-1115 and 10-3-1116)

36. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

37. Plaintiffs suffered a loss covered by the Policy, and submitted a claim for that loss to American Family.

38. The claimed loss and damage submitted by Plaintiffs is covered by the Policy and Plaintiffs are owed covered benefits under the Policy.

39. American Family delayed and denied payment of covered benefits without a reasonable basis for its action.

40. Plaintiffs are therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

## THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

41. Plaintiffs incorporate the allegations contained in the paragraphs above as if fully set forth herein.

42. American Family insurer owes its insureds the obligation to act in good faith and fair dealing.

43. American Family owes its insureds the obligation to construe the insurance contract fairly and without ambiguity in order to effectuate the purposes for which the coverage was purchased.

44. American Family owes the insureds the obligation to give equal consideration to the financial interests of the insureds and not give greater consideration to its own financial interests while handling the insureds' claim.

45. American Family sold the insured the coverage in issue intending to provide benefits for covered losses such as heat and smoke that occurred within the policy period.

46. Plaintiffs have cooperated with American Family in the processing of the insureds' claim for covered benefits.

47. Plaintiffs have not failed to minimize or mitigate their damages.

48. Plaintiffs have not erected any obstacles to American Family's ability to investigate and evaluate Plaintiffs' claim for covered benefits.

49. Plaintiffs were intended beneficiaries of the insurance contract protections purchased from American Family.

50. American Family knew that its decision to deny the insureds' claim here would cause emotional distress and harm to Plaintiffs.

51. American Family knew it owed an obligation of good faith and fair dealing to the insureds.

52. American Family knew its denial of coverage would cause hardship to the insureds.

53. American Family had a duty to act reasonably and in good faith in handling Plaintiffs' claim and in the payment of Plaintiffs' insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiffs and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

54. American Family breached its duty to act reasonably and in good faith by, inter alia, (1) failing to conduct a reasonable investigation of the facts applicable to this matter; (2) failing to consider all information relevant to the claim; (3) favoring its interests to the exclusion of Plaintiffs; (4) failing to effectuate prompt, fair and equitable resolution of Plaintiffs' claims after liability had become clear; (5) compelling Plaintiffs to become involved in litigation to recover amounts due; and (6) otherwise unreasonably and improperly handling Plaintiffs' claim as provided for by C.R.S. § 10-3-1104.

55. American Family overlooked material facts and a more thorough investigation would have produced relevant information.

56. American Family should have known that its conduct was unreasonable and American Family knowingly or recklessly disregarded the fact that its conduct was unreasonable.

57. American Family's conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

58. American Family's bad faith has caused Plaintiffs to suffer and continue to suffer damages, including out-of-pocket payments by Plaintiffs, attorneys' fees and costs incurred in bringing this lawsuit, together with pre-judgment interest at the highest rate allowed by law.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their favor and against American Family on their Claim for Relief as follows:

1.      All unpaid covered benefits due under the Policy;

2.      Two times the amount of all covered benefits under the Policy;

3.      Costs, expert witness fees, and attorneys' fees incurred in prosecuting their claims against American Family;

4.      Other damages resulting from American Family's bad faith including out-of-pocket payments by Plaintiffs;

5.      Pre- and post-judgment interest; and

6.      For such other further relief as this Court may deem just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted this 12th day of March, 2014.

> s/ Cajardo R. Lindsey
> Cajardo R. Lindsey, Reg. No. 33672
> Of Counsel, The Kaudy Law Firm
> 333 W. Hampden Avenue, Suite 850
> Englewood, CO 80110
> Phone Number: 303-623-1885
> Email: clindsey@kaudylaw.com
>
> Richard M. Kaudy, #12345
> The Kaudy Law Firm LLC
> 333 W. Hampden Avenue, Suite 850
> Englewood, CO  80110
> Phone (303) 623-1885
> Fax: (303) 623-1825
> Email: rkaudy@kaudylaw.com
>
> *Attorney for Plaintiffs*